UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

  Debtor(s)　　　　　　　　　　　　　　　　　　　　CASE NO.:  6: 24  -bk- 06891 - LVV

    NICOLE MARISSA GERMAN

## AMENDED CHAPTER 13 PLAN

A.  **NOTICES.**
Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included", if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| Provision | Included | Not Included |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | ☐ | ✓ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | ☐ | ✓ |
| Provisions for student loan(s), set out in Section E. | ✓ | ☐ |
| Nonstandard provisions, set out in Section E. | ✓ | ☐ |
| THIS AMENDED PLAN PROVIDED FOR PAYMENTS TO CREDITOR/LESSOR [NAME OF SECURED CREDITOR/LESSOR] TO BE INCLUDED IN PLAN PAYMENTS; THE AUTOMATIC STAY IS REINSTATED AS TO THIS CREDITOR. | ☐ | ☐ |

**NOTICE TO DEBTOR: IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION 5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION 5(j), OR TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION 5(k), THE AUTOMATIC STAY DOES NOT APPLY AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.**

**SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.**

---

1. All references to "Debtor" include and refer to both of the debtors in a case jointly by two individuals.

**B.    MONTHLY PLAN PAYMENTS.**

**Plan payments ("Plan Payments") include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make Plan Payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.**

(A)    $233.00    from Period    1    January 18, 2025    through Period    4    April 18, 2025

(B)    $335.00    from Period    5    May 18, 2025    through Period    33    September 18, 2027

(C)    $435.00    from Period    34    October 18, 2027    through Period    60    December 18, 2029

**C.    PROPOSED DISTRIBUTIONS.**

    **1.    ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee** $5,000.00    **Total Paid Prepetition** $3,500.00    **Balance Due** $1,500.00

**MMM Fee** $0.00    **Total Paid Prepetition** $0.00    **Balance Due** $0.00

**Estimated Monitoring Fee at** $50.00 **per Month.**

**Attorney's Fees Payable Through Plan at**    See below    **Monthly (subject to adjustment).**

    $209.70    For Periods    1-4
    $301.50    For Periods    5
    $251.50    For Periods    6
    $108.20    For Periods    7

☐ NONE    **2.    DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A)).**

☐ NONE    **3.    PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

    **4.    TRUSTEE FEES.** From each Plan Payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

    **5.    SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim, or Debtor or Trustee has filed a proof of claim for the secured creditor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Debtor's Plan Payments are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

| ■ NONE | **(a)  Claims Secured by Debtor's Principal Residence that Debtor Intends to Retain - Mortgage, HOA and Condominium Association Payments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's principal residence. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.<br><br>Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column. |
|---|---|
| ■ NONE | **(b)  Claims Secured by Other Real Property that Debtor Intends to Retain - Mortgage, HOA and Condominium Association Payments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's real property. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.<br><br>Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column. |
| ■ NONE | **(c) Claims Secured by Real Property - Debtor Seeks Mortgage Modification Mediation (MMM). No later than 90 days from the petition date or the date the case converts to Chapter 13, Debtor shall file a motion seeking MMM. Information and forms related to MMM are available in the Court's procedure manual on the Court's website, www.flmb.uscourts.gov** Pending the resolution of the MMM, the Plan Payments shall include the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner's association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property. Notwithstanding the foregoing, the adequate protection payment must be no less than the amount sufficient to pay (1) homeowner's association fees, and (2) 1/12 of the annual ad valorem property taxes and annual insurance premium. If Debtor obtains a modification of the mortgage, the modified payments shall be included in the Plan Payments. Debtor will not receive a discharge of personal liability on these claims.<br>   1. |

| ☒ NONE | **(d)** **Claims Secured by Real Property or Personal Property to Which 11 U.S.C. § 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** Payment on the secured portion of the claim, estimated below, is included in the Plan Payments. Unless otherwise stated in Section E, the Plan Payments do not include payments for escrowed property taxes or insurance. |
|---|---|
| ☒ NONE | **(e)** **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under 11 U.S.C. § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under 11 U.S.C. § 506 to determine secured status and to strip a lien. |
| ☒ NONE | **(f)** **Payments on Claims Secured by Real Property and/or Personal Property to Which 11 U.S.C. § 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for Debtor's personal use; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below. |
| ☒ NONE | **(g)** **Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan Under 11 U.S.C. § 1322(b)(2) and § 1322(c)(2) (for claims secured by Debtor's principle residence during the Plan).** The following secured claims will be paid in full under the Plan with interest at the rate stated below. |
| ☒ NONE | **(h)** **Claims Secured by Personal Property - Maintaining Regular Payments and Curing Arrearages, if any, Under 11 U.S.C. § 1325(b)(5).** Under 11 U.S.C. § 1328(a)(1), unless the principal amount of the claim is paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims. |
| ☐ NONE | **(i)** **Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and will continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims.<br><br>|    | Last Four Digits of Acct. No. | Creditor | Property/Collateral |<br>|---|---|---|---|<br>| 1. | 1101 | Truist Financial | 2019 Ford Mustang | |
| ☒ NONE | **(j)** **Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan. |

| | | |
|---|---|---|
| ■ NONE | **(k)** | **Secured Claims that Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Because these secured claims are not provided for under the Plan, under § 1328(a), Debtor will not receive a discharge of personal liability on these claims. |

**6.    LEASES/EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation of the Plan, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under 11 U.S.C. § 501(c), and no objection to the claim is pending. If Plan Payments are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

| | | |
|---|---|---|
| ■ NONE | **(a)** | **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan Under 11 U.S.C. § 1325(b)(5).** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. Under 11 U.S.C. § 1328(a)(1), if the claim of the lessor/creditor is not paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims. |
| ■ NONE | **(b)** | **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these leases/executory contracts are not provided for under the Plan, under 11 U.S.C. § 1328(a), Debtor will not receive a discharge of personal liability on these claims. |
| ■ NONE | **(c)** | **Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. |

**7.    GENERAL UNSECURED CREDITORS**. General unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than       $_____

**D.    GENERAL PLAN PROVISIONS:**

1.    Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2.    Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

3.    If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate:

☐     (a) shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

◼     (b) shall vest in Debtor upon confirmation of the Plan.

4.     The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5.     Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6.     Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to the Plan Payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

**E.     <u>NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).</u>** Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

      i. This Plan does not provide for any discharge, in whole or in part, of student loan obligations under 11 U.S.C. §523(a)(8). If Debtor intends to seek the discharge of a student loan obligation, Debtor must file a separate adversary proceeding requesting such relief from the Court.

      ii. In accordance with 34 C.F.R. § 685.209(k)(4)(iv)(K), for all Income-Driven Repayment (IDR) plans, a borrower accrues a month of credit toward loan forgiveness for each plan payment made as required under a confirmed bankruptcy plan. Consequently, Claim 2 of the U.S. Department of Education shall, upon the conclusion of the plan, credit the borrower with the number of plan payments made toward forgiveness, irrespective of whether the Debtor completes the plan.

## CERTIFICATION

      **By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.**

**SIGNATURE:**

Debtor /s/ NICOLE MARISSA GERMAN        Date 4/11/2025

      /s/ Robert B Branson, Esquire

      Robert B. Branson, Esq.
      Florida Bar No.: 800988
      E-mail: robert@bransonlaw.com
      BransonLaw PLLC
      150 E. Concord Street
      Orlando, Florida 32803
      Telephone: (407) 894-6834
      Facsimile: (407) 894-8559

### Certificate of Service

A true and correct copy of the foregoing has been sent by U.S. Mail by electronic transmission on this 11th day of April, 2025, to Laurie K. Weatherford, Trustee, P. O. Box 3450, Winter Park, Florida 32790 and all creditors and Parties in Interest as listed on the Court's Matrix as attached.

1. All references to "Debtor" include and refer to both of the debtors in a case jointly by two individuals.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE:<br><br>NICOLE MARISSA GERMAN | CASE NO: 24-06891<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 4/14/2025, I did cause a copy of the following documents, described below,

AMENDED CHAPTER 13 PLAN

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/14/2025

/s/ Robert B. Branson
Robert B. Branson  800988
Attorney for Debtor
BransonLaw, PLLC
1501 E. Concord Street
Orlando, FL  32803
407 894 6834
shelly@bransonlaw.com

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| IN RE: | CASE NO: 24-06891 |
|---|---|
| NICOLE MARISSA GERMAN | **CERTIFICATE OF SERVICE DECLARATION OF MAILING** |
| | Chapter: 13 |

On 4/14/2025, a copy of the following documents, described below,

AMENDED CHAPTER 13 PLAN

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/14/2025

_/s/ Miles Wood_

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Robert B. Branson
BransonLaw, PLLC
1501 E. Concord Street
Orlando, FL  32803

```
USPS FIRST CLASS MAILING RECIPIENTS
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.
```

| CASE INFO | DEBTOR | |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>113A6<br>CASE 6-24-BK-06891-LVV<br>MIDDLE DISTRICT OF FLORIDA<br>ORLANDO<br>FRI APR 11 15-34-57 EDT 2025 | NICOLE MARISSA GERMAN<br>4538 RIVERMIST DRIVE<br>MELBOURNE FL 32935-7163 | (P)CITIZENS BANK N A<br>ATTN BANKRUPTCY TEAM<br>ONE CITIZENS BANK WAY<br>JCA115<br>JOHNSTON RI 02919-1922 |
| (P)FIRST NATIONAL BANK OF OMAHA<br>1620 DODGE ST<br>STOP CODE 3113<br>OMAHA NE 68102-1593 | (P)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | TRUIST BANK<br>ATTN SUPPORT SERVICES<br>PO BOX 85092<br>RICHMOND VA 23286-0001 |
| US DEPARTMENT OF EDUCATION CO NELNET<br>121 S 13TH ST<br>LINCOLN NE 68508-1904 | WELLS FARGO BANK NA<br>WELLS FARGO CARD SERVICES<br>PO BOX 10438 MAC F8235-02F<br>DES MOINES IA 50306-0438 | |